FILED
CLERK, U.S. DISTRICT COURT

SEP - 9 2012

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFICA L 22, LLC, | Case No. CV 13-6209 UA (DUTYx) |
| Plaintiff, | |
| v. | **ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |
| KEN C. CHANLEE, ET AL., | |
| Defendants. | |

The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

On August 22, 2013, Defendant Edmond P. Lee, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action in this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in

the first place, in that Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000. Moreover, because Defendant resides in the forum state, Defendant cannot properly remove the action, to the extent diversity jurisdiction is asserted. 28 U.S.C. § 1441(b).

Nor does Plaintiff's unlawful detainer action raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441(b). In his removal papers, Defendant asserts that Plaintiff's action violates his due process and equal protection rights. However, "a federal defense does not form a basis for removal" in an unlawful detainer action. *See U.S. Bank Nat'l Ass'n v. Beas*, 2012 WL 27502 at *1 (C.D. Cal. Jan. 6, 2012) (remanding unlawful detainer action to state court where Defendant alleged due process and equal protection violations); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court[.]").

///
///
///
///
///
///
///
///

1     Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
2 Superior Court of California, Los Angeles County, Central District, Stanley Mosk
3 Courthouse, 110 North Grand Ave., Los Angeles, CA 90012, for lack of subject
4 matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a
5 certified copy of this Order to the state court; and (3) that the Clerk serve copies of
6 this Order on the parties.

8     IT IS SO ORDERED.

10 Dated:  8/30/13

                                   GEORGE H. KING
                        CHIEF UNITED STATES DISTRICT JUDGE